UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Marjorie A. Olmstead Grogg,**

         **Plaintiff,**

       **-v-**            **5:11-CV-1381 (NAM/TWD)**

**Commissioner of Social Security,**

         **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Olinsky Law Group
Howard D. Olinsky, Esq., of counsel
300 S. State Street
Suite 420
Syracuse, New York 13202
Attorney for Plaintiff

Hon. Richard S. Hartunian, United States Attorney
Andreea L. Lechleitner, Esq., Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

  After her application for Supplemental Security Income and disability insurance benefits was initially denied, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing at which plaintiff testified. The ALJ determined that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review; thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

  Plaintiff sought judicial review of the Commissioner's decision pursuant to 42 U.S.C. §

405(g). Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks issued a Report and Recommendation (Dkt. No. 14) recommending that the Commissioner's decision be affirmed and the complaint dismissed.[1]

Plaintiff objects. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

The Social Security Act provides for judicial review in district court of any final decision of the Commissioner. *See* 42 U.S.C. § 405(g). Upon such review, district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*. The district court "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). The Commissioner's findings as to any fact, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw*, 221 F.3d at 131 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Court adopts Magistrate Judge Dancks' summary of the record and discussion of the applicable law. The Report and Recommendation addressed all issues raised by plaintiff in her

---

[1] Pursuant to N.D.N.Y. General Order 18, Magistrate Judge Bianchini proceeded as if both parties had accompanied their briefs with a motion for judgment on the pleadings.

-2-

brief. In her objection to the Report and Recommendation, plaintiff challenges only (1) the recommendation that the ALJ's residual functional capacity ("RFC") determination was properly supported in the record; and (2) the Step 4 recommendation.

In contending that the RFC determination failed to account for plaintiff's limitations with stress, plaintiff argues that reversal and remand is warranted because the ALJ did not explain how he reconciled the finding of consultative examiner Dennis H. Noia, Ph.D. that claimant had "some difficulty dealing with stress" with the RFC determination that plaintiff can "handle a reasonable level of simple, repetitive work-related stress, and perform work-related activities effectively under stress." Magistrate Judge Dancks rejected plaintiff's argument, finding that Dr. Noia's statement regarding stress was not inconsistent with the RFC, and noting that Dr. Noia characterized plaintiff's prognosis as "fair." Magistrate Judge Dancks further found that the RFC determination was supported by substantial evidence. On a *de novo* review of the issue, and in light of the entire record – including plaintiff's testimony, Dr. Noia's findings, and the report of state agency psychiatrist T. Inman-Dundon, M.D. – the Court agrees with Magistrate Judge Dancks. The ALJ's decision is sufficiently specific to show that his finding in this respect is supported by substantial evidence. *See Campbell v. Astrue*, 465 Fed.Appx. 4, 6 (2d Cir. 2012) (stating that an ALJ's RFC determination must be set forth with sufficient specificity to enable the court to decide whether the determination is supported by substantial evidence); *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("[W]e do not require that [the ALJ] ... have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir.1981) ("[W]e are unwilling to require an ALJ explicitly to reconcile every conflicting shred of medical testimony[.]").

For the same reason, the Court rejects plaintiff's argument that the Step 4 finding of the RFC analysis was erroneous due to the ALJ's failure to address Dr. Noia's finding regarding stress. Insofar as plaintiff argues that the Step 4 determination was erroneous on the ground that the ALJ failed to consider all of plaintiff's limitations in determining her ability to perform past relevant work, the Court finds substantial evidence in the record to support the determination, and adopts the Report and Recommendation in this regard.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 14) of United States Magistrate Judge Therèse Wiley Dancks is adopted and accepted; and it is further

ORDERED that plaintiff's motion for judgment on the pleadings is denied; and it is further

ORDERED that defendant's motion for judgment on the pleadings is granted; and it is further

ORDERED that the Commissioner's determination is affirmed; and it is further

ORDERED that the case is dismissed.

IT IS SO ORDERED.

Date: March 31, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge